## IN THE COURT OF APPEALS OF IOWA

No. 16-0363
Filed April 19, 2017

**IN RE THE DETENTION OF
MARVIN ALLEN MEAD**

**MARVIN ALLEN MEAD,**
　　　　Respondent-Appellant.

_____

　　　Appeal from the Iowa District Court for Scott County, Marlita A. Greve, Judge.


　　　Marvin Mead challenges the district court's denial of his request for a final review hearing pursuant to Iowa Code section 229A.8 (2015). **WRIT ANNULLED.**

　　　Adam C. Gregg, State Public Defender, and Thomas J. Gaul, Assistant Public Defender, for appellant.

　　　Thomas J. Miller, Attorney General, Kyle P. Hanson and Tyler J. Buller, Assistant Attorneys General, and Lucas Sterbick, Student Legal Intern, for appellee.

　　　Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

Marvin Mead challenges the district court's denial of his request for a final review hearing pursuant to Iowa Code section 229A.8 (2015). He argues he proved by a preponderance of the evidence that there is relevant and reliable evidence for a final hearing to determine whether he is suitable for discharge or transitional release.

In 2011, a jury found Mead to be a sexually violent predator, and he was civilly committed. On January 29, 2016, Mead had his annual review hearing pursuant to section 229A.8. Both Mead and the State presented evidence from separately obtained experts who independently evaluated Mead to determine his suitability for discharge or transitional release. On February 3, the district court denied Mead's request for a final review hearing. Mead appealed. The supreme court treated Mead's appeal as a petition for writ of certiorari and granted the petition. *See* Iowa R. App. P. 6.108.

"We review certiorari actions for correction of errors at law." *Taft v. Iowa Dist. Ct.*, 828 N.W.2d 309, 312 (Iowa 2013). In reviewing such actions, "[w]e 'examine only the jurisdiction of the district court and the legality of its actions.'" *Id.* (citation omitted). "Illegality exists when the court's factual findings lack substantial evidentiary support, or when the court has not properly applied the law." *Id.* (citation omitted). To the extent constitutional issues are raised, our review is de novo. *See In re Det. of Matlock*, 860 N.W.2d 898, 901 (Iowa 2015).

A person committed under chapter 229A is entitled to an annual examination and review of the committed "person's mental abnormality." Iowa Code § 229A.8(2); *see also Taft*, 828 N.W.2d at 313. "A report of the results of

each annual examination must be submitted to the court that ordered the committed person's commitment." *Taft*, 828 N.W.2d at 313 (citing Iowa Code § 229A.8(3)). "A committed person may present evidence including expert opinions for the court's consideration in the annual review." *Id.* (citing Iowa Code § 229A.8(2)). "The court's annual review of the committed person's status may be based 'only on written records.'" *Id.* (quoting Iowa Code § 229A.8(3)).

Section 229A.8(1) includes "a rebuttable presumption . . . that the commitment should continue." The committed person can rebut the presumption by proving "by a preponderance of the evidence that there is relevant and reliable evidence . . . , which would lead a reasonable person to believe a final hearing should be held." Iowa Code § 229A.8(5)(e)(1). The committed person must establish facts sufficient to warrant a final hearing to determine whether "[t]he mental abnormality of the committed person has so changed that the person is not likely to engage in predatory acts constituting sexually violent offenses if discharged," or "[t]he committed person is suitable for placement in a transitional release program." *Id.* § 229A.8(5)(e)(1)(a), (b). Thus, the "standard for determining whether a final hearing is required is satisfied if a reasonable person would find, from the relevant and reliable evidence presented at the annual review stage, that the committed person has more likely than not generated a fact question on either of the[se] issues." *Taft*, 828 N.W.2d at 318 (citing Iowa Code § 229A.8(5)(e)(1)(a), (b)). If the court finds the burden has been met, the court sets the matter for a final hearing. Iowa Code § 229A.8(5)(e)(2).

Here, the district court determined Mead "ha[d] not proved by a preponderance of the relevant and reliable evidence that a reasonable person

would believe a final hearing should be held to determine if he is suitable for placement in a transitional release program or for release." In making its determination, the district court pointed out numerous, significant inconsistencies in Mead's expert's report that led to its conclusion the report was not reliable. The court noted the expert had failed to consider certain facts surrounding prior sexually violent offenses Mead had committed and had ignored the fact that Mead's risk of reoffending based on the administered objective tests was increasing rather than decreasing.

Further, the court found that, even if Mead's expert's report did meet the threshold level of reliability, the evidence did not raise a factual question regarding his continued dangerousness or his suitability for transitional release because it did not unequivocally recommend Mead be discharged. *See Taft*, 828 N.W.2d at 322. The court noted that, similar to the circumstances in *Taft*, Mead's expert opined, "Mead is most suitable for no longer being termed a sexually violent predator. If a trier of fact concluded that he somehow continues to meet criteria for [sexually violent predator] labeling, then it is recommended that he be placed in a transitional release program." The court concluded, "This is not an unequivocal opinion recommending discharge." We agree. *See id.* (affirming the district court's determination the respondent "failed to satisfy his burden of proof at the annual review stage on his claim for discharge" when the expert's "report did not include an unequivocal opinion that [the respondent] should be discharged").

Finally, the court determined Mead was statutorily ineligible for transitional release because he failed to meet the requirements of Iowa Code section

229A.8A(2)(a)–(i).  *See id.*  The court reiterated the expert's report showed Mead's risk of reoffending had increased rather than decreased and the report failed to acknowledge certain facts underlying Mead's original commitment.  *See* Iowa Code § 229A.8A(2)(a) ("The committed person's mental abnormality is no longer such that the person is a high risk to offend.").  The court also noted Mead had received a major incident report within six months of the review hearing.  *See id.* § 229A.8A(2)(e) (providing "[a] committed person is suitable for placement in the transitional release program if the court finds . . . [n]o major discipline reports have been issued for the committed person for a period of six months").  Additionally, the court determined Mead failed to meet the requirement of section 229A.8A(2)(g), which provides, "The committed person is not likely to engage in predatory acts constituting sexually violent offenses while in the program," based on objective test results that Mead's risk of recidivism is increasing.

On our review, we agree with the district court's determination Mead failed to prove by a preponderance of the evidence that he was entitled to a final hearing to determine whether he is suitable for discharge or transitional release. Accordingly, we affirm.

**WRIT ANNULLED.**

Bower, Judge, concurs; McDonald, Judge, dissents.

**McDONALD, Judge** (dissenting)

I respectfully dissent. The legal standard for determining whether a committed person is entitled to a "final hearing" is set forth in Iowa Code chapter 229A (2015). The relevant standard, as explained in *Taft v. Iowa District Court*, is as follows:

> [U]nder section 229A.8(5)(e)(1), a committed person is entitled to a final hearing if the court, upon consideration of all the evidence presented at the annual review, finds the committed person has proved by a preponderance of the relevant and reliable evidence that a reasonable person would believe a hearing should be held to determine whether (a) the mental abnormality of the committed person has so changed that the person is not likely to engage in predatory acts constituting sexually violent offenses if discharged or (b) the committed person is suitable for placement in a transitional release program. This standard for determining whether a final hearing is required is satisfied if a reasonable person would find, from the relevant and reliable evidence presented at the annual review stage, that the committed person has more likely than not generated a fact question on either of the issues enumerated in section 229A.8(5)(e)(1)(a) or (b).

828 N.W.2d 309, 318 (Iowa 2013). The committed person does not need to establish a fact question with respect to both (a) and (b). *See In re Det. of Shaffer*, No. 12-1815, 2014 WL 1746530, at *3 (Iowa Ct. App. Apr. 30, 2014) ("Second, the grounds for a final hearing are set forth in the disjunctive. That is, the committed person establishes an entitlement to a final hearing by generating a fact question on either of the issues enumerated in section 229A.8(5)(e)(1)(a) or (b).")

Dr. Witherspoon's report is "relevant and reliable" within the meaning of the statute and *Taft*. Dr. Witherspoon is a licensed clinical psychologist and sex-offender evaluator with extensive experience. His methodology is generally accepted in the relevant community. His report and testimony would be

admissible pursuant to Iowa Rule of Evidence 5.702. Nothing more is required. In concluding to the contrary, the district court undertook a thorough analysis of the credibility and conclusions of the report. This was improper. *See Shaffer*, 2014 WL 1746530, at *3 ("Chapter 229A does not require a mini-trial on the evidence presented at the annual review on questions that ultimately will be decided at a final hearing, if granted. The ultimate weight to be given to the evidence is for the finder of fact at the final hearing.").

Mead established by a preponderance of the evidence that he "more likely than not generated a fact question" on whether "the mental abnormality of the committed person has so changed that the person is not likely to engage in predatory acts constituting sexually violent offenses if discharged." This is not a high burden. *See id.* at *2 (quoting *Taft*, 828 N.W.2d at 318) (stating "the committed person is not required to generate a question of fact" but instead only has to show he "more likely than not generated a fact question"). Dr. Witherspoon explicitly opined Mead's mental abnormality had changed due to Mead's advanced age, infirmity, and years of treatment, among other things. The report states, "There is no evidence of ongoing antisocial tendencies, other acting out concerns, or severe psychopathology. His profile was normal." Further, "Deviant sexuality does not appear to be an operant component of his current functioning." Dr. Witherspoon also explicitly opined Mead is not likely to engage in sexually violent offenses if discharged. The report stated Mead's "projected risk *not to reoffend* sexually would be estimated at 99% per year." (Emphasis added.) The report concludes:

The upshot, realistically, is that concern about reoffending risk for Mr. Mead at this point is nearly moot. For him to be legally termed a sexually violent predator, there would be a need to demonstrate ongoingly that he is more likely than not to reoffend sexually. Not only is that not the case, but his estimated reoffending risk at this point is nearly off the chart in the other direction.

Chapter 229A does not require a "mini-trial" on the evidence presented at the annual review on questions that ultimately will be decided at a final hearing. *See Taft*, 828 N.W.2d at 317. But that is exactly what happened in this case, and it was improper. Mead met his burden in establishing an entitlement to a final hearing by establishing a fact question with respect to section 229A.8(5)(e)(1)(a). The district court exceeded its jurisdiction and otherwise acted illegally in denying Mead's request for final hearing. I would reverse the judgment of the district court and remand this matter for a final hearing.